**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 19, 2019

LETTER TO COUNSEL

      RE:    *Geneva W. v. Commissioner, Social Security Administration*;
               Civil No. SAG-18-1812

Dear Counsel:

      On June 18, 2018, Plaintiff Geneva W. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 17, 21, 22. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff protectively filed her claim for benefits on July 5, 2013, alleging an onset date of April 14, 2010.[1] Tr. 268-75. Her claim was denied initially and on reconsideration. Tr. 91-94, 103-04. A hearing was held on December 14, 2016, before an Administrative Law Judge ("ALJ"). Tr. 12-44. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 73-85. The Appeals Council declined Plaintiff's request for review, Tr. 2-8, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

      The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of "major depressive disorder, recurrent with anxiety; diabetes mellitus type 2; lumbar degenerative disc disease; osteoarthritis of the knees; and plantar fasciitis." Tr. 75. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except that she is further limited to: never balancing or climbing ladders, ropes or scaffolds; occasional stooping, kneeling, crouching, crawling, and climbing ramps or stairs; no concentrated exposure to moving machinery and unprotected heights; performing

---

[1] At the hearing before the Administrative Law Judge ("ALJ"), Plaintiff amended her alleged onset date, which the ALJ concluded should have been the date she protectively filed her claim, July 5, 2013. Tr. 17, 73.

> simple and routine tasks in a work setting that does not involved [sic] production pace or strict production quotas; and can have occasional contact with the public and co-workers.

Tr. 79. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 84. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. Tr. 84-85.

Plaintiff raises two primary arguments on appeal: (1) that the ALJ's RFC assessment was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ erred by failing to consider Plaintiff's injuries resulting from a motor vehicle accident in 2015. I agree that the ALJ's RFC assessment was inadequate, and I therefore grant remand under sentence four of 42 U.S.C. § 405(g). In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637-38. At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 416.920a(b), (c)(2) (2017). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function

in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Plaintiff cites the recent opinion of the Fourth Circuit in *Thomas v. Berryhill,* 916 F.3d 307 (4th Cir. 2019) for the proposition that remand is warranted where a limitation proposed by the ALJ in her hypothetical limitation is not defined by common meaning, regulation, or the DOT. ECF 17-2 at 15-16. In *Thomas,* the Fourth Circuit remanded, in relevant part, because the ALJ's failure to define the terms "production rate or demand pace" frustrated appellate review, making "it difficult, if not impossible, for [the court] to assess whether their inclusion in Thomas's RFC is supported by substantial evidence." 916 F.3d at 312.

Here, if the ALJ accounted for Plaintiff's moderate limitations in concentration, persistence, or pace at all, it was with the RFC limitation to "a work setting that does not involve[] production pace or strict production quotas." Tr. 79. The ALJ did not elaborate on the meaning of that limitation. Plaintiff argues that the ALJ's failure to define that limitation in the RFC failed to satisfy *Mascio,* and undermined the ALJ's finding at step five. The SSA responds with at least four arguments: (1) that the phrase "production rate pace," is, in fact, discussed in the Dictionary of Occupational Titles ("DOT"); (2) that the ALJ's use of the word "strict" in the limitation distinguishes the RFC from that in *Thomas*; (3) that the VE did not express any confusion about the ALJ's hypothetical that would undermine the ALJ's finding at step five; and (4) that any error would be harmless, because Plaintiff has not argued that any of the occupations identified by the VE required a specific pace or production requirement. ECF 21-1 at 8-11.

First, while the phrase "production rate pace" is used in an appendix to the DOT, a definition is not provided. U.S. Dep't of Labor, *Dictionary of Occupational Titles*, App. C (4th ed. 1991), 1991 WL 688702. Second, the term "production pace or strict production quotas" is directly analogous to the term deemed problematic in *Thomas*, 916 F.3d at 312, and the Court cannot ascertain how the inclusion of the word "strict" would cure the problem identified by the Fourth Circuit. Third, while the VE's testimony does not evince any confusion about the terms of

the hypothetical, the Court has an independent duty to determine if the ALJ supported her findings with substantial evidence. *See* 42 U.S.C. § 405(g). Pursuant to the Fourth Circuit's decision in *Thomas*, 916 F.3d at 312, this Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the terms "production pace or strict production quotas." Fourth, if the relevant RFC terms are "not common enough for [the court] to know what they mean without elaboration," *Thomas*, 916 F.3d at 312, the Court is without basis to decide that the error in failing to explain the terms was harmless. The Court cannot decisively say that had the ALJ elaborated on the RFC terms, the VE would have identified the same, or any, positions the hypothetical person could perform. *See Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error.") (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Therefore, remand is warranted to allow the ALJ to clarify the RFC assessment and hypothetical to the VE, in order to establish that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion.

Plaintiff also contests the ALJ's failure to discuss her motor vehicle accident in 2015, and any limitations that may have resulted from the injuries she suffered. The SSA points out that neither Plaintiff nor her representative made any mention at the ALJ hearing of the motor vehicle accident or the limitations that Plaintiff claims resulted from the accident. Since the case is being remanded on other grounds, on remand, the ALJ can consider whether the evidence supports further limitations resulting from Plaintiff's motor vehicle accident.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

                                              Sincerely yours,

                                                  /s/

                                            Stephanie A. Gallagher
                                            United States Magistrate Judge